IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BETTY SYLVESTER
      Petitioner,

vs.                                  Docket No.: 3:06CR460
                                              3:09CV455/ MCR/EMT

UNITED STATES OF AMERICA
      Respondent.
_____/

**PETITIONER'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO HER TITLE 28 USC § 2255**

Comes Now Betty Sylvester with this her Reply to the Government's Opposition to her Title 28 U.S.C. § 2255 and in support provides as follows:

The government's position that Petitioner somehow advised counsel that she knew that she was facing a possible life term of incarceration is misplaced. According to the phone logs transcriptions attached as Exhibit A to the government's response to the Title 28 U.S. C. § 2255, it was the unknown male that Petitioner might be facing a possible "life" term of incarceration. The government to somehow take the position that Petitioner was aware of the possibility of life incarceration and therefore counsel could not have rendered ineffective assistance in failing to advise the repercussions of the guidelines is a stretched statement of the facts of this case.

Furthermore, the government's position that counsel's affidavit resolved the issues of whether Petitioner's decision to proceed to trial was a voluntary decision or not is an issue that continues to be disputed by the records of this case. Counsel's

Filed 0305'10 UsDcFln 3PM 1237

affidavit *merely* contradicts Petitioner's affidavit as to the same set of facts contained in the Title 28 U.S.C. § 2255. The affidavit of counsel adds nothing more to the equation.

The courts have clearly established that it is not sound strategy to determine that an attorney's affidavit should be believed over an inmate's affidavit merely because the inmate is incarcerated. In fact, the courts have clearly established that if the record does not *"conclusively"* demonstrate *"strategic reasons"* for the counsel's failures, the District Court entertaining a motion on a Title 28 U.S.C. § 2255 must hold an evidentiary hearing to address the matter. A subsequent affidavit from counsel would not suffice to establish a trial strategy, nor absolve the court from the requirements of holding an evidentiary hearing. See *Smith v. McCormick,* 914 F.2d 1353, 1170 (9th Cir. 1990); *United States v. Giardino,* 797 F.2d 30 (1st Cir. 1996) and *Lindhorst v. United States,* 585 F.2d 361 (8th Cir. 1978). Merely accepting an attorney's affidavit over Petitioner's affidavit simply because the Petitioner is incarcerated does not address the disputed facts on the record. When Petitioner's affidavit and counsel's affidavit conflict on material facts, the court is required to hold an evidentiary hearing on the matter. An actual conflict of material fact occurs when the affidavits are totally opposite on the merits between Petitioner's affidavit and counsel's affidavit requiring the granting of an evidentiary hearing under well settled law. See *United States v. Whiterspoon,* 231 F.3d 923 (4th Cir. 2000)(Petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counsel's affidavit disputed defendant's allegations).

Ironically, the Seventh Circuit in *Taylor v. United States,* 287 F.3d 658 (7th Cir. 2002) determined that if the record contains an evidentiary conflict on a material issue of fact, the judge must hold an evidentiary hearing to decide who is telling the truth. ***"It is not sound to say that in every conflict between a prisoner and a lawyer, the lawyer must be believed."*** *Id; Freedman v. United States,* 588 F.2d 1010 (5th Cir. 1979)(stating that contested fact issues in a § 2255 case cannot be resolved on the basis of affidavits).

There is nothing before this court other than counsel's self-supporting affidavit, which supports the position that Petitioner was ever explained how the guidelines worked and that Petitioner would be held accountable for more than the 2,004 grams seized when she was arrested. Ironically, Petitioner's statements during the sentencing hearing and in her sworn affidavit clearly support the position that Petitioner was under the impression that she would only be held accountable for such an amount of drugs. Once this court sees counsel's specific written notes, it clearly establishes in counsel's own handwriting that Petitioner stated that she was under the impression that she would be held responsible for the two kilograms that she stole from a "Mexican that she was sleeping with." That statement written in counsel's own notes as the Exhibit 2 to the response to the 2255, clearly establishes the impression that Petitioner was under all along. That she would only be held accountable for those two kilograms of cocaine. Ironically, there are no notes counsel's handwriting from the alleged meeting that took place at the jail, which supports the position that counsel explained to Petitioner otherwise.

3

All that is presented in counsel's handwritten notes is the same position that Petitioner has presented ever since the sentencing hearing. That she was under the impression that she would only be held accountable for the drug quantities alleged in the indictment or confiscated during the arrest. In fact, all she presented to counsel was her concern over the two kilograms she stole from the Mexican individual.

Furthermore, apart from taking the position that Petitioner never saw the January 25, 2007 letter that counsel allegedly mailed to Petitioner at the jail, Petitioner contests the statement in the letter. At no stage did she ever mentioned to counsel that she would face a mandatory term of life incarceration if convicted at trial. The statement that apparently counsel is alleging that Petitioner made was actually presented by the unknown male during the phone recorded conversation at the jail. The unknown male was the one that stated that "he was under the impression" that Petitioner would be serving life incarceration, no the other way around. There is no documentation at all or records before this court supporting the position that Petitioner was aware that a mandatory life sentence would be imposed.

Furthermore, if the court were to accept counsel's January 25, 2007 letter as truthful, then the court must question counsel's knowledge of the application of the federal sentencing guidelines. The letter clearly established presented that Petitioner was exposed to a minimum mandatory of life when in fact the minimum term of incarceration was 20 years. Even according to the presentence investigation

report, Petitioner was only eligible for a 240 month minimum term of incarceration and not a mandatory term of life incarceration as counsel eluded to in the January 25, 2007 letter.

Ironically, the January 25, 2007 letter does not establish that a plea agreement was actually presented to Petitioner for her review and consideration. The letter merely established that Petitioner should ... "give up your right to trial by jury and enter into a plea cooperation agreement with the prosecution." The statement presented in the letter as Exhibit 1 does not establish *that an actual plea offer was presented* to Petitioner at that time. In fact, the letter presents that Petitioner should plead without a plea agreement. All that is supported by the letter that allegedly counsel mailed Petitioner, which she steadfastly presents she never saw, was that if Petitioner pled guilty "you will face a mandatory life sentence." According to the letter, the plea was without the benefit of a plea agreement.

The letter presented by counsel does not support the position that Petitioner rejected the government's plea offer. In fact, the issue presented in the 2255 was that the *plea agreement was never seen* by Petitioner prior to proceeding to trial. Counsel's letter, nor counsel's affidavit take the position that Petitioner flatly rejected a written plea offer that was presented to her. That issue has not been addressed either by counsel in his sworn affidavit nor by the government in their response to the pleadings.

5

In fact, the January 25, 2007 letter only indicates that there is a copy of the prosecution's "Rule 404(b) notice" enclosed in the letter. There is no mention in the letter that a copy of the government's plea offer was ever mailed to Petitioner for her review or refusal to accept. If a plea offer was actually presented to Petitioner, it surely would have been included in the January 25, 2007 letter or would have been mentioned in a subsequent letter.

Ironically, if the government and counsel take the position that Petitioner rejected the plea offer, there is no letter whatsoever presented by counsel as an exhibit to this pleading which supports the position that counsel ever mailed a copy of the plea offer to Petitioner or ever presented a physical copy of the plea agreement to Petitioner at the jail. There is absolutely no documentation on the record to disprove Petitioner's allegation that counsel failed to present to her the availability of the plea offer. Ironically, counsel takes a position of doubt in his sworn affidavit when he states ... "*if* Sylvester were to now be allowed to sign the plea and cooperation agreement attached to her motion" the sentence would be the same. That statements should lead the court to believe that counsel is attempting to justify his short comings in not presenting the plea agreement to Petitioner.

And irrespective of counsel's position that Petitioner would still be enhanced for the obstruction of justice, which Petitioner steadfastly presents that if counsel had objected the enhancement would not have applied, the plea agreement still provided for a two level acceptance of responsibility that Petitioner would have been entitled to as a result of the agreement reached between the parties.

6

The record that currently stands before this court does not provide sufficient light as to whether Petitioner chose to proceed to trial or plead guilty based on counsel's failure to advise her of the repercussions of the federal sentencing guidelines or whether a plea agreement was actually rejected. Counsel's failure to mention he plea agreement in the January 25, 2007 letter only creates more doubt on the record. All the court has currently before it are two different sworn affidavits and a letter from counsel that creates more questions than they answer. One affidavit from Petitioner that is incarcerated, and one from counsel that is not. Viewing the record as a whole, and merely viewing counsel's affidavit which only directly contradicts line by line Petitioner's affidavit, this court is not in a position to make a decision as to which party is being truthful before the court. Ironically, the record viewed as a whole, and the statements made by Petitioner during the sentencing hearing, clearly supports her position that she was always under the impression that she would be held accountable for the drug quantities possessed by her only during the initial arrest. This court must reach a determination that without addressing Petitioner's demeanor, and directly questioning Petitioner as to the issues raised in the Title 28 U.S.C. § 2255, that the court cannot reach a conclusion as to which party should be believed.

For example, the issue on the relevant conduct portions of the guidelines that counsel failed to explain to Petitioner thus causing her to unknowingly proceed to trial is an issue that occurred, even according to counsel's affidavit and files, outside of the presence of the court and the record before this court does not establish nor

present sufficient documentation for the court to reach a determination that the issue does not merit a hearing. Also, even when viewing counsel's affidavit, although a self-serving affidavit as to his multitude of years of experience, this court must agree that there is a doubt whether the plea agreement was ever seen and rejected by Petitioner and whether Petitioner was actually under the impression that she would be held accountable to the two kilos that were in her possession at the time of the arrest. In fact, counsel's own handwritten notes establish that Petitioner was presenting to counsel, in preparation for trial, that she obtained the *two* kilograms of cocaine that were stolen from the Mexican that she was sleeping with. There is no explanation in the unreadable notes that other drug quantities were discussed. There is no mentioning in counsel's notes of additional drug quantities, additional drug transactions, or any mention of any additional drugs whatsoever that Petitioner presented to counsel during the trial preparation. Had there been additional drug quantities mentioned in counsel's notes, then a proper argument can be made of Petitioner's awareness of additional drug quantities. However, when viewing counsel's affidavit and detailed handwritten notes as a whole, this court can only reach a conclusion that at most, counsel was aware of the two kilograms of cocaine and nothing more.

Furthermore, the government's position that additional co-defendants were already cooperating witnesses and that the drug quantities would be the same for sentencing purposes, has no bearing on the issues raised in the Title 28 U.S.C. § 2255. Had Petitioner pled guilty and accepted the government's plea agreement,

there would have not only been the issue of the acceptance of responsibility three level sentence reduction that Petitioner would have accepted for timely pleading guilty, but the fact that there would have been no enhancement for the obstruction of justice that the government alleged occurred during the motion to suppress hearing. In other words, had counsel properly taken the time to advise to Petitioner of the strength of the government's case along with the additional drug quantities that could be attributed to her, she would have accepted the government's offer would have mitigated the overall term of incarceration not only by the acceptance of responsibility, but also by avoiding the obstruction of justice enhancement as well.

Furthermore, the government's position that Petitioner was "unwilling or unable to admit her criminal conduct to counsel or the court" is misplaced. Petitioner did admitted to counsel during the pretrial preparation what *she believed her involvement was*, the two kilograms of cocaine that were stolen from the Mexican, which were the same drug quantities that she was arrested with during the time of her arrest. Therefore, the government's position that Petitioner was unwilling or unable to admit her involvement is misplaced. In fact, the record clearly notes that Petitioner admitted her total involvement to counsel based on what her perception of her involvement was at the time.

Regarding the issue whether counsel rendered ineffective assistance for his failure to object to the imposition of the obstruction of justice pursuant to the Guidelines § 3C1.1 at sentencing, the government's position that the court made a

determination that Petitioner "willfully obstructed or impeded" justice during the suppression hearing is incorrect. As the government noted, the court *never made such a determination* during the sentencing hearing. The United States Sentencing Guidelines § 3C1.1 clearly establishes that Petitioner must *"willfully and purposely"* obstruct or impede the administration of justice. The lacking of such a determination during the sentencing hearing renders the increase for sentencing purposes improperly applied. See *United States v. Johnson,* 352 F.3d 146 (5th Cir. 2003)(noting that the judge did not identify the false testimony or find the defendant "willfully and purposely" obstructed justice).

The government has conceded in their response brief that the District Court "did not explicitly make a finding at sentencing that the defendant willfully and purposely obstructed justice." Based on that concession, an evidentiary hearing is required. In fact, the government does not address that the only justification for the increase in sentencing guidelines was based on the Probation Officer's comments that "based upon the motion to suppress hearing and the testimony of the defendant, the probation officer **believed** that the defendant provided false information to the court in her prosecution." Id. There is no determination made by the court either during the suppression hearing itself or during the sentencing hearing to support the position that Petitioner *purposely* obstructed or impeded the administration of justice. All the determination the court made during the suppression hearing was that the court credited the police officer's statements and discredited the defendant's statements. The court made no determination nor

10

reached any factual conclusion whatsoever that Petitioner had purposely misled or obstructed the administration of justice. Petitioner was merely expressed her position that she did not understand her Miranda rights based in the manner in which they were presented by the agents. The court never reached a determination nor conclusion whether Petitioner purposely was obstructing the justice or whether Petitioner was merely exhausting her constitutional right to attempt to have the statements suppressed.

The government's position that had counsel objected, the District Court would have overruled the objection is merely a conclusion that the government has reached absent an evidentiary hearing. In fact, the Government is making an independent finding for the court. Before imposing an adjustment for obstruction of justice, the District Court must make an independent filing that the defendant willfully attempted to obstruct justice. See *United States v. Walsh,* 119 F.3d 115 (2nd Cir. 1997)(holding the court applied the proper standard and found the defendant committed perjury). Before the court can apply the enhancement pursuant to § 3C1.1, the court should make a determination that the Petitioner's statements were meant to mislead the court or that the conduct was willful. No such determination, irrespective of the government's position otherwise, was ever made by the District Court.

Finally, the government has failed to address as they have no defense, the fact of the cumulative effect of counsel's errors. In this case, it is rather obvious that counsel not only failed to consider that Petitioner would be held accountable for

the additional drug quantities than that in her possession at the time of the arrest, but also failed to advise the Petitioner of the availability of a plea offer that Petitioner would have accepted and failed to object to an improper obstruction of justice enhancement. Once this court views the allegations raised in the original Title 28 U.S.C. § 2255, reviews counsel's affidavit and Petitioner's reply thereto, the court must reach a conclusion that there is absolutely no documentation on the record that disproves that Petitioner ever saw the alleged plea offer.

All that the court has before it is a letter that Petitioner never saw from counsel stating that Petitioner should plead guilty. The letter does not address that a plea agreement was offered, the contents of that plea agreement or the repercussions of refusing to accept the government's plea agreement. Petitioner's position that she never saw the government's plea agreement until the preparation of the Title 28 U.S.C. § 2255 has not been disproved either by the letter from counsel, nor by any documentation before this court that disproves her sworn statements. If counsel had a letter advising Petitioner of the government's Rule 404(b) documents that would be used to enhance her sentence, this court should question whether counsel had a letter establishing to Petitioner that a written plea agreement was offered.

Based on the cumulative effect of all the issues presented in the original Title 28 U.S.C. § 2255 including the argument that the court never reached a conclusion that Petitioner had willfully obstructed justice, coupled with the government's consent that the court never reached such conclusion during the sentencing hearing,

it is sufficient within itself for the court to remand the case for resentencing and remand the case to vacate the conviction, and/or remand the case for an evidentiary hearing to address the matter at hearing.

As the courts have previously determined, "individual errors, insufficient in themselves to necessitate a new trial, may in the aggregate have a more debilitating affect ... so as to deny due process." See *United States v. Fernandez,* 145 F.59 (1st Cir. 1998); *United States v. Hands,* 184 F.3d 1322 (11th Cir. 1999).

Accordingly, since the record before this court is unclear whether Petitioner actually rejected the government's plea offer since counsel's notes and affidavit do not disprove the allegations raised in the Title 28 U.S.C. § 2255 and since the government has conceded that the court never reached a conclusion of the obstruction of justice enhancement during the sentencing hearing, this court must at a minimum grant an evidentiary hearing to address the contested matters before the record.

Done this ___2___, day of March 2010

Respectfully submitted,

Betty Sylvester
Reg. 06606-017
FCI Tallahassee
501 Capital Circle, NE
Tallahassee, Fl 32301

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY that a true and correct copy of this pleading that was prepared with the assistance of counsel was mailed to: Tiffany Eggers, 21 East Garden Street, Pensacola, FL 32502 by placing the same in the Federal Bureau of Prison's Legal Mail Box with sufficient First Class Postage.

Respectfully submitted,

_____
Betty Sylvester
Reg. 06606-017
FCI Tallahassee
501 Capital Circle, NE
Tallahassee, Fl 32301